

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

March 14, 1966

Honorable Wallace Shropshire        Opinion No. C-638
County Attorney
Travis County                       Re:  The meaning of the word
Austin, Texas                            "default" as used in Sec-
                                         tion 2 of Article 17.11 of
                                         the 1966 Code of Criminal
Dear Sir:                                procedure.

        You have requested an opinion of this office concern-
ing the time a surety will be considered to be in default on
a bail bond under the provisions of Section 2 of Article 17.11,
1966 Code of Criminal Procedure.

        Section 2 of this Article provides as follows:

        "Provided, however, any person who has
        signed as a surety on a bail bond and is in
        default thereon shall thereafter be disquali-
        fied to sign as a surety so long as he is in
        default on said bond.  It shall be the duty
        of the clerk of the court wherein such surety
        is in default on a bail bond, to notify in
        writing the sheriff, chief of police, or
        other peace officer, of such default."

        Section 2 of Article 277 of the old Code of Criminal
Procedure also used the term default in the same context as
Section 2 of Article 17.11 and the requirements of the two
provisions are substantially identical.  There are no appel-
late decisions of this State which construe the meaning of
the word "default" as used in Article 277 or states when a
surety is in default on a bail bond.

        In your opinion request you suggest the three follow-
ing possibilities when a surety might be considered to be in
default:

        1.  Default occurs when the bond is forfeited
            in accordance with Article 22.02, V.C.C.P.

        2.  Default occurs when citation is issued
            notifying the sureties that the bond has
            been forfeited, and requiring them to ap-
            pear and show cause why the judgment of

-3094-

forfeiture should not be made final in
accordance with Article 22.03, V.C.C.P.

3. Default occurs at the time when the judg-
ment of forfeiture becomes final in ac-
cordance with Article 22.14 or Article
22.15, V.C.C.P., and the judgment there-
on is unsatisfied.

It is the opinion of this office that default occurs
only after the judgment of forfeiture is made final in accord-
ance with provisions of Articles 22.14 or 22.15, 1966 Code of
Criminal Procedure and the judgment thereon is unsatisfied.

The Court in Easterwood v. Willingham, 47 S.W.2d 383
(Tex.Civ.App. 1932), stated:

"The term 'default' may be defined as a
failure of a party to perform a legal duty."

Default is "an omission of that which ought to be done; spe-
cifically, the omission or failure to perform a legal duty."
Black's Law Dictionary, Fourth Edition, page 505.

It is only after the judgment of forfeiture becomes
final that a surety has a legal duty to perform. Under the
first two possibilities you pose, even though the defendant
has not appeared as required, the surety may avail himself
of the statutory causes which would exonerate him from any
liability on the forfeiture of the defendant's bail if pre-
sented and found to be true at the show cause hearing.

### SUMMARY

A surety will be considered to be in de-
fault on a bail bond, as the term is used in
Section 2 of Article 17.11, 1966 C.C.P., only
after the judgment of forfeiture has been made
final in accordance with the provisions of
Article 22.14 or Article 22.15, 1966 C.C.P.,
and the judgment is unsatisfied.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By: *Robert W Norris*
ROBERT W. NORRIS
Assistant Attorney General

RWN/br

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
Kerns B. Taylor
Milton Richardson
Malcolm Quick
Edward Moffett

APPROVED FOR THE ATTORNEY GENERAL
By:   T. B. Wright